**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

B.P. a minor, by and through their parent,
L.P.; C.L. a minor, by and through their
parent, K.L.; O.D. a minor, by and through
their parent; N.D., R.J. a minor, by and
through their parent, H.J.; L.H. a minor, by
and through their parent, S.H.; O.P. a minor,
by and through their parent, S.P.; E.H. a
minor, by and through their parent, M.H.; L.S.
a minor, by and through their parent, B.P.;
G.E. a minor, by and through their parent,
A.E.; M.B. a minor, by and through their
parent, R.B.; and G.A. a minor, by and
through their parent, A.A., each a minor
resident of the North Allegheny School
District attending a North Allegheny School
District School or a parent of the same,

        Plaintiffs,

        v.

NORTH ALLEGHENY SCHOOL
DISTRICT, a Pennsylvania governmental
entity, ANDREW CHOMOS, MARCIE
CROW, ELIZABETH BLACKBURN,
RICHARD MCCLURE, SCOTT E.
RUSSELL, ALLYSON MINTON, KEVIN
MAHLER, ELIZABETH WERNER,
and SHANNON YEAKEL, all individual
elected officials sued in their individual
capacity and in their capacity as members of
the NORTH ALLEGHENY SCHOLL
DISTRICT BOARD OF DIRECTORS, a
Pennsylvania elected legislative body,

        Defendants.

Civ. No. 21-    1112

**COMPLAINT FOR INJUNCTIVE RELIEF**

    Above named Plaintiffs ("Plaintiffs"), by and through undersigned counsel, Alexander

Saksen, Esquire, and the law firm of Goldberg, Kamin, and Garvin, LLP, and hereby file this

1

Complaint for Injunctive Relief against Defendants North Allegheny School District ("NASD"), Andrew Chomos, Marcie Crow, Elizabeth Blackburn, Richard McClure, Scott E. Russell, Allyson Minton, Kevin Mahler, Elizabeth Werner, and Shannon Yeakel, all individual elected officials sued in their individual capacity and in their capacity as members of the North Allegheny School District Board of Directors (the "School Board" and, collectively with other Defendants, "Defendants").  In support of the claims set forth herein, Plaintiffs allege and aver as follows:

## INTRODUCTION

1.      Effective August 16, 2021, the NASD Health and Safety Plan was updated to require face coverings indoors for students, staff, and visitors for K-12 as part of its prevention strategy to reduce the spread of COVID-19 and maximize in-person learning during the coming school year. Notice of this requirement was provided to all NASD School District Parents/Guardians in anticipation of the students' first day of school, which is **tomorrow, August 23, 2021**. The decision to require universal masking was based on consultation with the Allegheny County Health Department and the NASD District Physician, consideration of District data concerning student and staff quarantines and associated lost in-person instruction days during the 2020-2021 school year, and consideration of the Centers for Disease Control's ("CDC") updated quarantining policy in effect for the 2021-2022 school year, which would eliminate the requirement for students exposed to a person infected with COVID-19 in school to quarantine provided both the infected and exposed individuals were properly wearing face coverings at the time of exposure.  The decision effectuates the School District's goal of maximizing in-person learning while providing a safe learning environment for students and staff.

Without notice to the public, or even prior notice to the full School Board, at the August 18, 2021 School Board Meeting noticed solely to hire two new staff members, School Board

2

Member Elizabeth Blackburn made a motion to eliminate the universal masking requirement. School Board Vice President Marcie Crow seconded the motion.  Ultimately, the Board voted 6-3 in favor eliminating the universal mask requirement and made masks optional, effective August 19, 2021.  Further, the Board voted 6-3 to strip District Superintendent Dr. Melissa Friez, Ed.D of her authority to make changes to the Health and Safety Plan, thereby claiming that right for themselves.

The Board's decision violates Constitutional substantive and procedural due process and will result in irreparable harm to the Plaintiffs, NASD staff, students, and visitors, and the local community at large. As of August 14, 2021, the CDC placed Allegheny County, where NASD is situated, in the "High" COVID-19 community transmission level, which is highest community transmission rating set by the CDC. The CDC, Pennsylvania Department of Education, Pennsylvania Department of Health, and Allegheny County Health Department recommend universal masking in K-12 schools, regardless of vaccination status, to reduce the transmission of COVID-19, and specifically the highly transmissible Delta variant and its substantial effect on school-age children in the K-12 community. Effective mask wearing is proven to reduce the risk of transmission of COVID-19.  Unmasked individuals are at risk of immediate and irreparable harm from COVID-19, which can cause serious illness and death.

Plaintiffs ask this Court to immediately enter a Temporary Restraining Order on an emergency basis, and ultimately grant Plaintiff's a Preliminary Injunction to enjoin the Board from enforcing the mask-optional policy adopted on August 18, 2021, and to restore the *status quo* that existed prior to the Board's vote, that is, restore NASD's universal masking policy, effective August 16, 2021, and restore Superintendent Friez's authority to update the District's Health and Safety Plan with regard to COVID-19 prevention strategies for the 2021-2022 school year

3

consistent with Dr. Friez's authority as set out in applicable School Board and NASD policies.

## PARTIES

2.      Plaintiff B.P. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff B.P. is and was at all times relevant hereto a student at a NASD public school.

3.      Plaintiff L.P. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff L.P. is the parent of Plaintiff B.P.

4.      Plaintiff C.L. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff C.L. is and was at all times relevant hereto a student at a NASD public school.

5.      Plaintiff K.L. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff K.L. is the parent of Plaintiff C.L.

6.      Plaintiff O.D. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff O.D. is and was at all times relevant hereto a student at a NASD public school.

7.      Plaintiff N.D. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff N.D. is the parent of Plaintiff O.D.

8.      Plaintiff R.J. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff R.J. is and was at all times relevant hereto a student at a NASD public school.

4

9.      Plaintiff H.J. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff H.J. is the parent of Plaintiff R.J.

10.     Plaintiff L.H. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff L.H. is and was at all times relevant hereto a student at a NASD public school.

11.     Plaintiff S.H. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff S.H. is the parent of Plaintiff L.H.

12.     Plaintiff O.P. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff O.P. is and was at all times relevant hereto a student at a NASD public school.

13.     Plaintiff S.P. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff S.P. is the parent of Plaintiff O.P.

14.     Plaintiff E.H. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff E.H. is and was at all times relevant hereto a student at a NASD public school.

15.     Plaintiff A.H. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff A.H. is the parent of Plaintiff E.H.

16.     Plaintiff L.S. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff L.S. is and was at all times relevant hereto a student

at a NASD public school.

17.     Plaintiff B.P. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff B.P. is the parent of Plaintiff L.S.

18.     Plaintiff G.E. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff G.E. is and was at all times relevant hereto a student at a NASD public school.

19.     Plaintiff A.E. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff A.E. is the parent of Plaintiff G.E.

20.     Plaintiff M.B. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff M.B. is and was at all times relevant hereto a student at a NASD public school.

21.     Plaintiff R.B. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff R.B. is the parent of Plaintiff M.B.

22.     Plaintiff G.A. is a minor child who resides in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff G.A. is and was at all times relevant hereto a student at a NASD public school.

23.     Plaintiff A.A. is an adult individual who is a resident and taxpayer in the North Allegheny School District, in Allegheny County, Pennsylvania.  Plaintiff A.A. is the parent of Plaintiff G.A.

24.     Defendant NASD is a municipal organization made up of 9 individual school

directors residing and conducting business in Allegheny County, Pennsylvania.

25.     Defendant School Board is an elected school board residing and conducting business in Allegheny County, Pennsylvania.

26.     Defendant Andrew Chomos is an Allegheny County resident and member of the School Board, sued here in his individual and representative capacity.

27.      Defendant Marcie Crow is an Allegheny County resident and member of the School Board, sued here in her individual and representative capacity.

28.     Defendant Elizabeth Blackburn is an Allegheny County resident and member of the School Board, sued here in her individual and representative capacity.

29.     Defendant Richard McClure is an Allegheny County resident and member of the School Board, sued here in his individual and representative capacity.

30.     Defendant Scott E. Russell is an Allegheny County resident and member of the School Board, sued here in his individual and representative capacity.

31.     Defendant Allyson Minton is an Allegheny County resident and member of the School Board, sued here in her individual and representative capacity.

32.     Defendant Kevin Mahler is an Allegheny County resident and member of the School Board, sued here in his individual and representative capacity.

33.     Defendant Elizabeth Werner is an Allegheny County resident and member of the School Board, sued here in her individual and representative capacity.

34.     Defendant Shannon Yeakel is an Allegheny County resident and member of the School Board, sued here in her individual and representative capacity.

35.     At all relevant times hereto, the School Board and the individual Defendants were acting under

## JURISDICTION AND VENUE

36.     Plaintiffs incorporate the foregoing paragraphs as is set forth in full herein.

37.     This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), (4), and 42 U.S.C. §1983.

38.     There exists an actual and justiciable controversy between Plaintiffs and Defendant requiring resolution by this Court.

39.     Plaintiffs have no adequate remedy at law.

40.     Venue is proper before the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §1391 because all parties reside or otherwise are found herein, and all acts and omissions giving rise to Plaintiffs' claims occurred in the Western District of Pennsylvania.

## FACTS

41.     Plaintiffs incorporate the foregoing paragraphs as is set forth in full herein

A.     **North Allegheny School District and the Board of Directors**

42.     NASD is the second largest School District in Allegheny County.

43.     Its School Board is comprised of these nine individuals: Andrew Chomos, Marcie Crow, Elizabeth Blackburn, Kevin Mahler, Richard McClure, Allyson Minton, Scott E. Russell, Elizabeth M.J. Warner, and Shannon Yeakel.

44.     Andrew Chomos, the President of the School Board, has a Bachelors Degree in Business and Accounting.

45.     Marcie Crow, the Board's Vice President, has a Bachelor of Science in Elementary Education and a Masters of Education, K-12. She has principal certifications in both elementary and secondary education. She also holds teaching certifications in English and Multi-Genre

8

Writing from Oxford University.

46.    Elizabeth Blackburn has a degree from Kenyon College. Upon information and belief, Ms. Blackburn's degree is not in science or medicine.

47.    Kevin Mahler has an undergraduate degree in Sociology and Anthropology from Duke University and an MBA from the University of Pittsburgh.

48.    Richard McClure has an undergraduate degree from Geneva College. Upon information and belief, Mr. McClure's degree is not in science or medicine.

49.    Allyson Minton has Bachelor of Arts in History and Secondary Education from Washington College.

50.    Scott E. Russell has a degree in Computer Science from Indiana University of Pennsylvania and is currently enrolled in a Masters in Cybersecurity program at St. Bonaventure University.

51.    Elizabeth M. J. Warner has degrees in Civil Engineering and Engineering and Public Policy from Carnegie Mellon University and a Masters Degree in Environmental Engineering from Johns Hopkins University.

52.    This nine-member Board unanimously appointed Melissa R. Friez, Ed.D., to serve as Superintendent of Schools, effective July 1, 2021.

53.    As Superintendent, Dr. Friez is charged with the administration of NASD.

54.    The NASD website states that the Board "sets the exemplary standards that best serve the interests of the children and the residents of the District." https://www.northallegheny.org/Page/1039.

55.    According to the Board Policy Manual, the Board considers one of its most important functions to be Legislative or Policy Making. *See* Board Policy, Section 000, Code 002,

Sec. 2(D)(i), attached hereto as **Exhibit A**.

56.     This same Board Policy states that "Board procedures and policies shall be consistent of law, have a rational and substantial relationship to a legitimate purpose of the Board, and be directed toward the maintenance and support of a thorough and efficient system of public education in this District." *Id.*

57.     This Policy section also states that "The Board is responsible for acquiring the reliable information from responsible sources which will enable it to make the best possible decisions about the scope and nature of the educational program." *Id.* at Sec. II(D)(ii).

**B.  NASD's Back to School Planning**

58.     In February 2021, the District formed a Back-to-School Planning Committee (the "Planning Committee") for the 2021-2022 School Year. The Planning Committee is comprised of: the North Allegheny Executive Council, School Administration, North Allegheny Federation of Teachers, the Education Advisory Council ("EAC"), the Secondary Advisory Council ("SAC"), Superintendents' Parents' Liaison Committee ("SPLC"), the Student Services Advisory ("SSA"), and members of the Health Services and Medical Community.

59.     The Planning Committee met in March, April, May, and June of 2021.

60.     In May, the District surveyed parents/guardians to gauge their interest between In-Person Instruction and NA Cyber Academy for the 2021-2022 school year. Ninety-four percent of parents/guardians responded to the survey, and 94.4% of those who responded (or 7,543 of 7,993), said they plan to select In-Person Instruction.

61.     Following these planning meetings and taking into account the results of the parent survey, the Planning Committee used a collaborative approach to develop the Health and Safety and Education Plans for the 2021-2022 School Year.

10

**C. Communication of the District's Health and Safety and Education Plans to District Families**

62.     On June 17, 2021, Dr. Friez sent a district-wide email to parents concerning the Health and Safety and Education Plans for the 2021-2022 School Year and linked the plans to the email.

63.     Dr. Friez informed District parents that "These plans were created with the information that we know now. The District will continue to follow local, Commonwealth, and national guidance, which may require our plans to change." Email from M. Friez to North Allegheny School District Parents/Guardians, June 17, 2021. *See* **Exhibit B**, attached hereto.

64.     The Back to School Plan stated that "The District will continue to *follow* local, Commonwealth, and federal guidance, which may require our plans to change." *See* **Exhibit C**, Back to School Plan, Draft Published June 16, 2021 (the "Plan"), p. 2; *see also* p. 12 ("The North Allegheny School District 2021-2022 Health and Safety Plan was developed based on local, Commonwealth, and federal guidance as of June 16, 2021.")

65.     The District's mask policy at this time was as follows:

- Students and staff are required to wear face coverings in accordance with the order of the Pennsylvania Department of Health requirements.
- As of June 28, 2021 or when 70 percent of adults get their second dose, whichever comes first, the Commonwealth's mask order can be lifted. At this time, the District will not require face coverings after June 28, unless directed to do so by local, Commonwealth, and/or federal guidelines.
- Students and staff may choose to wear a face covering, even if we are not required by local, Commonwealth, and/or federal guidelines.

*Id.* at p. 13.

66.     The final paragraph of the June 16 Plan stated it was subject to change. Specifically, the Plan stated: "This document was drafted on June 16, 2021 and is subject to updates. If and

when the circumstances surrounding the COVID-19 pandemic change, the federal, Commonwealth, and local guidance may also change." *Id.* at p. 17.

67.     On June 23, 2021, the Board voted to approve the June 16, 2021 Health and Education Plans.

### D. COVID-19 Cases Begin Spiking in Allegheny County; National, Commonwealth, and County Health Agencies Recommend Universal Masking in K-12 Schools

68.     For the week beginning June 13, 2021, the Allegheny County Health Department reported 66 confirmed and 74 probable COVID-19 cases.[1]

69.     By mid-July, Allegheny County was beginning to experience a surge in cases, which health experts were attributing to the highly contagious Delta variant.

70.     For the week beginning July 11, 2021, Allegheny County Health Department reported 176 confirmed and 72 probable cases.[2]

71.     On July 19, 2021 North Allegheny School District Parents/Guardians were instructed to make their enrollment selections for the 2021-2022 School Year, selecting between in-person instruction and the North Allegheny Cyber Academy. *See* District Email to North Allegheny School District Parents/Guardians, July 19, 2021, attached hereto as **<u>Exhibit D</u>**. The deadline for enrollment was July 25 and anybody who did not make a selection by that date would automatically be enrolled for in-person instruction. *Id.* Parents could not further change their enrollment selection until January 2022.

72.     Various District parents and guardians, including certain of the Plaintiffs, contacted

---

[1] *See* Allegheny County Health Department Covid-19 Summary,
https://tableau.alleghenycounty.us/t/PublicSite/views/COVID-19Summary_16222279737570/COVID-19Summary?:showAppBanner=false&:display_count=n&:showVizHome=n&:origin=viz_share_link&:isGuestRedirectFromVizportal=y&:embed=y, last accessed August 21, 2021.
[2] *Id.*

the District prior to making their enrollment selections to inquire about the District's mask policy

in light of the rising number of COVID-19 cases in the county. The District responded by stating

that it was continuing to monitor the situation and might require face coverings:

> The District will continue to monitor the spread of COVID-19 within our school
> community and is prepared to quickly make decisions to increase prevention
> strategies. The District may decide to require face covering for reasons such as (but
> not limited to): community spread of the illness in classrooms, individual school
> buildings, and across the district, or a change in the community transmission level
> in the county. This also includes regular consultation with the Allegheny County
> Health Department and our District physician.   In addition to these measures, the
> District will comply if it is mandatory to implement face coverings by local,
> Commonwealth, and/or Federal officials.
>
> As we approach the 2021 -2022 school year, our administration and staff will
> continue to ensure that our schools remain safe, caring, and respectful learning
> environments. As a District we are committed to implementing prevention
> strategies to keep our students and staff healthy and safe.

Email from M. Friez, July 21, 2021, attached hereto as **Exhibit E**.

73. Plaintiffs made their enrollment selections based on the District's stated

commitment to monitoring the Covid-19 pandemic and adjusting the Back to School Plan to

require masks based on the referenced data points and consultation with the ACHD and District

Physician. Plaintiffs relied on the District's past practices, including requiring masks in the

previous year and stated commitment to monitoring health data.

74. On July 27, the CDC "recommend[ed] universal indoor masking for all teachers,

staff, students, and visitors to schools, regardless of vaccination status."

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html.

75. On August 4, 2021, the CDC stated, "Due to the circulating and highly contagious

Delta variant, CDC recommends universal indoor masking by all students (age 2 and older), staff,

teachers, and visitors to K-12 schools, regardless of vaccination status.

13

https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html.

76.     The Pennsylvania Department of Education and the Allegheny County Health Department aligns themselves with the CDC's universal mask recommendations. *See* https://www.education.pa.gov/Schools/safeschools/emergencyplanning/COVID-19/SchoolReopeningGuidance/ReopeningPreKto12/CDCGuidanceInf; *see also* https://www.alleghenycounty.us/Health-Department/Resources/COVID-19/Frequently-Asked-Questions.aspx

77.     On August 2, 2021, Allegheny County moved to the substantial transmission level of the COVID-19 virus. *See* Allegheny County Transmission Level Data from CDC, https://covid.cdc.gov/covid-data-tracker/#county-view.

**E.  The District Updates Its Health and Safety Plan, Requiring Universal Masking**

78.     On August 10, 2021, Dr. Friez sent a welcome email to parents in the District. Therein, she reiterated the statement made in prior correspondence with various District parents, stating, "As was shared in the Back to School Plan, the District will continue to monitor the spread of COVID-19 within the school community and is prepared to quickly make decisions to increase prevention strategies. ***The District may decide to require face coverings for reasons such as (but not limited to): community spread of the illness in classrooms, individual school buildings, and across the District, or a change in the community transmission level in the county***. This also includes regular consultation with the Allegheny County Health Department and the District physician." Email from Dr. Friez to North Allegheny Parents/Guardians, August 10, 2021, attached as **Exhibit F**.

79.     On August 13, 2021, as Covid-19 cases continued to rise, Dr. Friez informed the District that an update to the Health and Safety Plan was needed:

14

In order to honor the commitment to five days of in-person instruction and the need for our students to return to school in a safe environment with as few interruptions as possible, NASD will require face coverings indoors for students, staff, and visitors for grades K-12 beginning Monday, August 16.

This decision to consider universal masking is a result of several factors:

Analyzing COVID-19 data from last school year, as well as county and community statistics over the past month.

Consultation with the Allegheny County Health Department and District Physician.

Changes in the quarantine procedures that would negatively impact our ability to ensure consistent in-person instruction for all students.

Next week, an update to the District's Back to School plan will be shared during the NASD Board of School Directors meeting. The draft presentation for Wednesday night, which includes the rationale for this change and other updates to the Health & Safety Plan, can be found here.

Email from Dr Friez to District Parents, August 13, 2021, attached hereto as **Exhibit G**.

80.     The presentation informed that, under last year's CDC guidance, NASD was required to quarantine all students within six feet or more, regardless of their use of a face covering. Under the updated CDC guidance, if both the infected and the exposed students correctly and consistently work well-fitting masks, the exposed, but correctly masked, students do not need to quarantine. *See* **Exhibit H**, 2021-2022 Health and Safety Plan Update, August 18, 2021, at p. 6.

81.     The District analyzed the quarantining data from the 2020-2021 school year, noting that 9,923 quarantine notes were issued during that year. *Id.* at p. 8. Robust details on number of students and staff quarantined was provided, showing that 2,228 students were quarantined once, while 2,335 students were quarantined more than once. *Id.* One student was quarantined nine times. *Id.*

82.     Data from the Allegheny County Health Department established that case of school age children 5-18 had increased steadily over the past four weeks, from 28 in the week of July

10-16, 2021 to168 during the week of August 7-13, 2021. *Id.* at p. 15.

83.     Similarly, cases in the NASD municipalities were increasing. *Id.* at p. 16.

84.     The District's Health Services had been having weekly meetings with the District Physician since July to review county and local data and guidelines. *Id.* at p. 17.

85.     "Based on these discussions, to avoid large numbers of quarantines and to maximize in-person learning while providing a safe learning environment for students and staff, the group agreed that requiring masks was necessary." *Id.*

86.     On August 14, 2021, Allegheny County's Covid-19 community transmission level was moved from substantial to high. See Allegheny County Transmission Level Data from CDC, https://covid.cdc.gov/covid-data-tracker/#county-view  last accessed August 22 2021.

**F.  At the NASD August 18, 2021 Board Meeting, Without Prior Notice, the Board Votes to Eliminate Universal Masking and Make Masks Optional**

87.     As is customary, the NASD Board Meeting Agenda was posted on the School Board's website the day prior to the meeting, August 17, 2021.

88.     The Agenda included a line item under Section C., Reports, for Dr. Friez's presentation of the Back to School Plan Update. *See* Agenda for NASD Board Meeting, attached as **Exhibit I**.

89.     There was no indication under Section D., Special Meeting Voting Items, that the Board would vote on the Back to School Plan Update. *Id.*

90.     As the August 18th Meeting approached, community members learned that the District had eliminated two safety accommodations that had been implemented during the pandemic: 1) they moved the meeting from the spacious North Allegheny Senior High School auditorium to the much smaller Board Room at the Central Administration Office; and 2) they

prohibited speakers from calling in with their remarks. Instead, all comments had to be made in person.

91.     Although the mask requirement for staff and visitors had gone into effect on August 16th, Board Vice President Marcie Crow and Director Elizabeth Blackburn violated the District's policy by attending the August 18 meeting unmasked.

92.     Dr. Friez presented the 2021-2022 Health and Safety Plan Update to the Board and community attendees.

93.     In addition to sharing the bases for updating the Plan to require universal masking, she shared the following: only 20% of District children aged 12 and older are vaccinated.

94.     In sum, all District children under 12, and 80% of children 12 and over, in the District are unvaccinated.

95.     During the meeting, Director Andrew Chomos expressed his dislike for masks and removed his mask.

96.     Although the community had been informed via Dr. Friez's August 13 email that the Health and Safety Plan Update regarding masks had gone into effect on August 16, Elizabeth Blackburn made a motion during the August 18 meeting for the Board to vote on whether to eliminate the universal masking requirement that had gone into effect upon the authority of Superintendent Dr. Friez two days prior.

97.     Director Marcie Crow seconded the Motion.

98.     Director Allyson Minton voiced her surprise at the addition of this voting item to the agenda, noting that the custom and practice of the Board is to set the agenda, then circulate information needed for voting items to all Board members prior to the meeting so that the Members can make informed decision on the voting item.

17

99.     Elizabeth Blackburn admitted that she had mentioned to Ms. Crow and Mr. Chomos prior to the meeting that she was considering making a motion to vote on the Update to the Health and Safety Plan.

100.    Because the Back to School Plan Update was not listed as a voting item on the Board's Agenda, neither the full Board, nor community members, had notice that the Board would vote on overturning the District's two-day-old mask policy.

101.    Community attendees informed friends who were not in attendance that if they wanted to speak on this issue, they had to get to the Board Meeting as quickly as possible.

102.    Though some individuals did rush to the meeting, upon information and belief, various constituents who would have spoken had they had been provided notice of the vote were not afforded their right to be heard.

103.    Upon information and belief, the vast majority of speakers spoke in favor of Dr. Friez's recent update to the mask policy in light of the surge in Delta variant Covid-19 cases and the desire to take reasonable steps to ensure student and staff safety, and to provide the best chance for consistent in-person learning.

104.    NASD's well-reasoned decision to require universal masking in its K-12 buildings was supported by recommendations by every local, state, and national health agency, analysis of the District's past quarantining numbers, consideration of the rise in COVID-19 cases in the county and District Municipalities and following consultation with the District's Physician.

105.    Despite all of the information supporting the conclusion that universal masking will reduce the necessity of quarantining and lost in-person education time, providing NASD with the best possible chance of maximizing in-person education while protecting its staff and students, at the conclusion of public comment, Elizabeth Blackburn, Marcie Crow, Rick McClure, Andrew

Chomos, Shannon Yeakel, and Scott E. Russell voted to eliminate the universal masking requirement, and thus, with a 6-3 vote against masks, masks were made optional for all students, staff, and visitors. The District did not consider whether, or how significantly, parties had relied on its previous policies, decisions, and commitments.

### G. The Board Members Offered No Basis for Eliminating the Universal Masking Requirement that Went Into Effect on August 16, 2021.

106.   The six Board members who voted to eliminate the universal masking requirement did not state that they spoke with any health professionals inside or outside of the NASD prior to concluding that universal masking should be eliminated.

107.   They provided no information from any local, Commonwealth, or national health agency to support the elimination of universal masking.

108.   They did not state that the District Physician supported their vote, and in fact, the District Physician recommends universal masking.

109.   They did not provide any evidence that masking would undermine or prevent the District from achieving its goal of maximizing in-person instruction while protecting staff and students, or that optional masking was a more effective way to achieve this goal.

110.   They did not present any evidence that masking would harm any student or staff member.

111.   At 2:15 am, correspondence from the District was sent to North Allegheny Parents/Guardians via email, stating as follows:

> The Board of Directors voted 6-3 to make masks optional, but strongly recommended, for students, staff, and visitors through September 22, 2021. This vote will be reviewed again at the September 22, 2021 Board of Directors meeting.

See **Exhibit J**, August 19, 2021 email.

19

**H. The District's Rescission of the Masking Requirement Causes Immense and Irreparable Harm to Students, Staff, and Community, Who Are at Increased Risk of Developing COVID-19 and to Students Who Are At Risk of Losing Critical In-Person Instruction Time.**

112.    NASD's first day of school is August 23, 2022. By September 22, 2021, the date of the next announced Board meeting to reconsider masking, students and staff will have spent twenty-two days unmasked in close proximity to one another.

113.    The Delta variant of COVID-19 can be transmitted very well even by vaccinated individuals. *See* Affidavit of Anna Marie White, MD, attached hereto as **Exhibit K** at ¶5.

114.    Thus, 100% of NASD students, staff, and visitors are capable of transmitting Covid-19 to one another or to somebody else in the community.

115.    "COVID can be transmitted into mucous membranes, including the eyes, so children wearing masks in rooms with unmasked individuals (despite vaccination status) are at risk for infection." *Id.*

116.    Put simply: "Masks work." *Id.*

117.    Dr. White states "[m]edical studies demonstrate that if my child is wearing a mask, he is protecting those around him in case he has COVID but is only minimally protected if someone around him is unmasked and has COVID." *Id.* ¶7.

118.    Under the current policy of optional masking effectuated by the Board's August 18 vote, "the Delta variant of COVID will spread throughout the school district and into the community at large." *Id.*, at ¶8.

119.    Dr. White opines that all vaccinated and unvaccinated children in the school district "need to be masked in order to avoid not only the spread of the virus/illness but also to prevent quarantines to the children who are exposed to a student who contracts COVID." *Id.* at ¶12.

120.    There are no health risks to wearing masks, and there is no evidence that masks affect a child's ability to focus or learn in school. *See, e.g.*, Affidavit of Dr. White at ¶12.

121.    In Dr. White's medical opinion, "immediate and irreparable injury, loss, or damages will result" if universal masking is not required for all NASD students and employees. *Id.* at ¶13. Without universal masking, children, teachers, and/or staff could suffer serious illness or death. *Id.*

**COUNT I - 42 U.S.C. §1983 - Violation of Procedural Due Process (5th and 14th Amendments)**
**Against All Defendants**

122.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

123.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right.  42 U.S.C. §1983.

124.    In the instant case, Defendants unquestionably acted under the color of state law.

125.    Each Individual Defendant is an elected, voting member of the North Allegheny School District School Board.

126.    Under the Fifth Amendment to the Constitution, no person may be deprived of life, liberty, or property without due process of law. U.S. Const. Ann., Amendment V.

127.    The Fourteenth applies the protections of the Fifth Amendment to state actors. U.S. Const. Ann., Amendment XIV.

128.    Plaintiffs have constitutionally protected interests in the benefits that come from the mask policy that was rescinded, including the ability to pursue a safe and healthy education.

129.    Defendants' rescission of the mask policy unlawfully deprives Plaintiffs of these and other constitutionally-protected interests without due process of law. Such deprivation

21

occurred with no notice or meaningful opportunity to be heard. Such deprivation was arbitrary, capricious, based on ignorance without inquiry into facts, and in violation of the Board's own policies and other applicable laws. Such deprivation violates the Fifth and Fourteenth Amendments of the Unites States Constitution.

130.     Plaintiffs were harmed and continue to be harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

**COUNT II - 42 U.S.C. §1983 - Violation of Substantive Due Process (Fourteenth Amendment) – Against All Defendants**

131.     Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

132.     In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right.  42 U.S.C. §1983.

133.     In the instant case, Defendants unquestionably acted under the color of state law.

134.     Each Individual Defendant is an elected, voting member of the North Allegheny School District School Board.

135.     Under the Fourteenth Amendment to the Constitution, and as established by state law including the state created danger doctrine, Plaintiffs have a fundamental right to a public education and to an education in a safe and healthy environment.

136.     Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

22

### COUNT III – 42 U.S.C. §1983 – Right to Free Association (First Amendment)
### Against All Defendants

137.    Plaintiffs incorporate the above averments as if set forth in full herein.

138.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right.  42 U.S.C. §1983.

139.    Defendants deprived Plaintiffs of the right of free association guaranteed by the First Amendment of the United States Constitution. Plaintiffs can no longer associate safely, or potentially at all, because of Defendant's rescission of the mask policy, yet they are required under compulsory education laws to attend school.

140.    Defendant's actions have placed Plaintiffs in the Hobson's Choice of ensuring their safety in an ongoing pandemic and receiving the federally protected education guaranteed to all children K-12 in the United States.

141.    Deprivation of this federally protected right violates the United States Constitution's First Amendment.

142.    Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a.    Assume jurisdiction of this action;

b.    Vacate and set aside the Defendant's rescission of the universal masking policy, as well as any other action taken by Defendants to rescind the universal masking

23

policy;

c.      Declare that the Defendant's rescission of the masking policy is void and without legal force or effect;

d.      Declare that the rescission of the mask policy and actions taken by Defendant to rescind the mask policy are arbitrary, capricious, based on ignorance due to failure to inquire into facts, otherwise not in accordance with law, and without observance of required procedures;

e.      Declare that the rescission of the universal masking policy and actions taken by Defendant to rescind the mask policy are in violation of the Constitution and contrary to the laws of the United States;

f.      Temporarily restrain, as well as preliminarily and permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing the rescission of the mask policy and from taking any other action to rescind the universal masking policy that is not in compliance with applicable law; and

g.      Grant such other and further relief as may be just, equitable, and proper including without limitation, an award of attorneys' fees and costs to Plaintiff.

Respectfully submitted,

GOLDBERG, KAMIN, GARVIN, LLP

Date: August 22, 2021

/s/ Alexander W. Saksen
Alexander W. Saksen
PA ID No. 86049
1806 Frick Building
437 Grant Street, 18th Floor
Pittsburgh, PA 15237
alexanders@gkattorneys.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served by e-mail on this 22nd day of August 2021, addressed to the below parties and counsel:

NASD SOLICITOR
Alfred Maiello, Esquire
Maiello, Brungo & Maiello
7500 Brooktree Ct.
Wexford, PA 15090
acm@mbm-law.net

MEMBER CHOMOS
achomos@northallegheny.org

MEMBER CROW
mcrow@northallegheny.org

MEMBER BLACKBURN
lblackburn@northallegheny.org

MEMBER MAHLER
kmahler@northallegheny.org

MEMBER MCCLURE
rmcclure@northallegheny.org

MEMBER MINTON
aminton@northallegheny.org

MEMBER RUSSELL
srussell@northallegheny.org

MEMBER WARNER
ewarner1@northallegheny.org

MEMBER YEAKEL
syeakel@northallegheny.org

BOARD SECRETARY
kcaldwell@northallegheny.org

NASD SUPERINTENDENT
mfriez@northallegheny.org


*/s/ Alexander W. Saksen*
Alexander W. Saksen