IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| B.P., A MINOR, BY AND THROUGH THEIR PARENT, L.P.;  C.L., A MINOR, BY AND THROUGH THEIR PARENT, K.L.;  O.D., A MINOR, BY AND THROUGH THEIR PARENT, N.D.;  R.J., A MINOR, BY AND THROUGH THEIR PARENT, H.J.;  L.H., A MINOR, BY AND THROUGH THEIR PARENT,S.H.;  O.P., A MINOR, BY AND THROUGH THEIR PARENT, S.P.;  E.H., A MINOR, BY AND THROUGH THEIR PARENT, M.H.;  L.S., A MINOR, BY AND THROUGH THEIR PARENT, B.P.;  G.E., A MINOR, BY AND THROUGH THEIR PARENT, A.E.;  M.B., A MINOR, BY AND THROUGH THEIR PARENT, R.B.; AND  G.A., A MINOR, BY AND THROUGH THEIR PARENT, A.A., EACH A MINOR RESIDENT OF THE NORTH ALLEGHENY SCHOOL DISTRICT ATTENDING A NORTH ALLEGHENY SCHOOL DISTRICT SCHOOL OR A PARENT OF THE SAME;<br><br>                    Plaintiffs,<br><br>            vs.<br><br>NORTH ALLEGHENY SCHOOL DISTRICT, A PENNSYLVANIA GOVERNMENTAL ENTITY; ANDREW CHOMOS, MARCIE CROW, ELIZABETH BLACKBURN, RICHARD MCCLURE, SCOTT E. RUSSELL, ALLYSON MINTON, KEVIN MAHLER, ELIZABETH WERNER, SHANNON YEAKEL, ALL INDIVIDUAL ELECTED OFFICIALS SUED IN THEIR INDIVIDUAL CAPACITY AND IN THEIR CAPACITY AS MEMBERS OF THE NORTH ALLEGHENY SCHOOL DISTRICT BOARD OF DIRECTORS, A PENNSYLVANIA ELECTED LEGISLATIVE BODY;<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    2:21-CV-01112-MJH |

On August 23, 2021, the Court held a hearing on Plaintiffs' Motion for a Temporary Restraining Order. For the reasons stated on the record in open Court, the Court finds that good cause exists for the issuance of a temporary restraining order because Plaintiffs are likely to prevail on the merits of their procedural due process claim brought under the Fifth and Fourteenth Amendments and because the facts demonstrate that Plaintiffs will suffer immediate and irreparable injury if a temporary restraining order is not granted. More particularly, and based on the record, the Court finds that:

1.  Defendants' August 18, 2021 vote, "on whether to eliminate the universal masking requirement that had gone into effect upon the authority of Superintendent Dr. Friez,"[1] occurred without any advance notice or sufficient hearing. (ECF No. 7, at 11).

2.  Plaintiffs are likely to suffer irreparable injury in light of the fact that the Defendants undertook said August 18, 2021 vote without proper notice and full opportunity for hearing, which impacts their procedural due process rights.

3.  A temporary restraining order will serve the public interest as well as the health, safety, and welfare of the school students in the district.

4.  The Plaintiffs are likely to succeed on the merits of their claim that Defendants violated their procedural due process rights.

---

[1] The parties did not provide the Court with minutes from the August 18, 2021 Special Meeting. In the accompanying Brief the Plaintiffs refer to the vote as such.

Therefore, the following order is hereby entered.

AND NOW this 23rd day of August 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' Motion for Temporary Restraining Order and be and hereby is GRANTED as follows:

1. Defendants are enjoined from implementing the result from the August 18, 2021 Special Meeting decision upon the motion to vote on whether to eliminate the universal masking requirement at the August 18, 2021 Special Meeting.

2. The effect of this Order maintains the status quo of the August 18, 2021, 2021-2022 Health and Safety Plan Update, as presented by Dr. Friez, in accordance with the June 16, 2021 Health and Safety Plan protocols. Said Plan update provides that the School District "**will require face coverings indoors for students, staff and visitors for grades K-12 starting Monday, August 16.**" (ECF No. 1-9 at p. 4).

3. It is further ordered that Defendants shall immediately notify the affected public, student body, and staff regarding this Order.

4. This Temporary Restraining Order shall remain in effect until further Order of Court or until further School Board Action that complies with all procedural requirements.

5. IT IS FURTHER ORDERED that Plaintiffs shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $500.00 with the Court, which is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered. If the security posted is cash, certified check, or attorney's check, the funds will be

deposited into the Court's local Registry, where it will remain until further order by

the Court.

DATED this 23rd day of August, 2021.

BY THE COURT:

_____

MARILYN J. HORAN
UNITED STATES DISTRICT COURT JUDGE

4