**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

B.P., *a minor, by and through their*
*parent, L.P.*, C.L., *a minor, by and*
*through their parent, K.L*, O.D., *a*
*minor by and through their parent,*
*N.D.*, R.J., *a minor, by and through*
*their parent, H.J.*, L.H., *a minor by*
*and through their parent, S.H.*, O.P,
*a minor, by and through their parent,*
*S.P.*, E.H., *a minor, by and through*
*their parent, M.H.*, L.S., *a minor*
*by and through their parent, B.P.*,
G.E., *a minor, by and through their*
*parent, A.E.*, M.B*., a minor, by and*
*through their parent, R.B.*, G.A., *a*
*minor, by and through their parent,*
*A.A., each a minor resident of the*
*North Allegheny School District*
*attending a North Allegheny School*
*District or a parent of the same*,

       Plaintiffs,

       v.

NORTH ALLEGHENY SCHOOL
DISTRICT, *a Pennsylvania*
*governmental entity*, ANDREW
CHOMOS, MARCIE CROW,
ELIZABETH BLACKBURN,
RICHARD MCCLURE, SCOTT E.
RUSSELL, ALLYSON MINTON,
KEVIN MAHLER, ELIZABETH
WERNER, and SHANNON YEAKEL,
*all individual elected officials sued in*
*their individual capacity and in their*
*capacity as members of the* NORTH
ALLEGHENY SCHOOL DISTRICT
BOARD OF DIRECTORS,
*a Pennsylvania elected legislative body*,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:21-cv-1112

Judge Marilyn J. Horan

**MEMORANDUM OPINION**

Presently before the Court is a Motion to Dismiss the above action involving issues

related to school masking in the North Allegheny School District, Allegheny County,

Pennsylvania.  (ECF No. 29).  Plaintiffs, parents of minor children who attend schools in the

District, bring a three-count Complaint requesting injunctive relief for violations of procedural and substantive due process and violations of their First Amendment rights to free association. (ECF No. 1).

The Plaintiffs filed a Motion for a Temporary Restraining Order with their Complaint on August 22, 2021 (ECF No. 2). Following Oral Argument, the Court granted Plaintiffs' Motion for a Temporary Restraining Order on narrow procedural due process grounds, ordering that the August 18, 2021 Board action was stayed pending further Board action on lifting the mask mandate at a subsequent Board Meeting following public notice and comment period. (ECF No. 9).

On October 13, 2021, Defendants filed a Motion to Dissolve the Temporary Restraining Order. (ECF No. 20). After briefing was completed, the Court granted Defendants' Motion to Dissolve the Temporary Restraining Order. (ECF No. 26).

Defendants now file a Motion to Dismiss Plaintiffs' Complaint. (ECF No. 29). Following briefing upon the Motion to Dismiss, Plaintiffs filed a Motion for Leave to File a Surreply. (ECF No. 40). The Court granted said Motion and also granted Defendants' leave to file a Response to Plaintiffs' Surreply. (ECF No. 41). Both parties submitted timely supplemental briefing. (ECF Nos. 42 & 43). For the reasons stated herein, Defendants' Motion to Dismiss will be granted.

## I.     Facts

On June 17, 2021 the school superintendent, Dr. Melissa Friez, sent a district-wide email to parents concerning the District's Health and Safety and Education Plans for the 2021-2022 School Year (Health and Safety Plan). (ECF No. 1, at ⁋ 62). The Health and Safety Plan included as a disclaimer: "These plans were created with the information that we know now.

The District will continue to follow local, Commonwealth, and national guidance, which may require our plans to change." (ECF No. 1, at ⁋ 63). The Mask Policy within the June 17, 2021 Health and Safety Plan stated: "Students and staff were required to wear face coverings in accordance with the order of the Pennsylvania Department of Health requirements. As of June 28, 2021, or when 70 percent of adults get their second dose, whichever comes first, the Commonwealth's mask order can be lifted. At this time, the District will not require face coverings after June 28, unless directed to do so by local, Commonwealth, and/or federal guidelines." (ECF No. 1-4, at 13). At the June 23, 2021 School Board Meeting, the Board voted to approve the June 16, 2021 Health and Safety Plan. (ECF No. 1, ⁋ 67).

On August 13, 2021, Dr. Friez sent an email to District parents that said, "In order to honor the commitment to five days of in-person instruction and the need for our students to return to school to a safe environment with as few interruptions as possible, NASD will require face coverings indoors for students, staff, and visitors for grades K-12 beginning Monday, August 16." (ECF No. 1, at ⁋ 79). The District had a School Board Meeting scheduled for August 18, 2021. (ECF No. 1, at 16). Although the meeting's agenda was posted on the School Board's website, there was no line item on the agenda to advise that the Board would vote on Dr. Friez's August 13, 2021 update to the Health and Safety Plan. (ECF No. 1, at ⁋⁋ 87-89).

At the August 18, 2021 School Board Meeting, Dr. Friez presented the update to the Health and Safety Plan. (ECF No. 1, at ⁋ 96). After Dr. Friez's presentation, Board Member Blackburn moved to eliminate the universal masking requirement within the August 13, 2021 Health and Safety Plan. (ECF No. 1, at ⁋ 96). After hearing comment from persons attending the meeting, the Board voted, by a vote of 6-3, to change the August 13, 2021 update to the

Health and Safety Plan, which thereby made masks optional in the District. (ECF No. 1, at ¶ 105).

On August 22, 2021, Plaintiffs filed suit in this Court seeking a Temporary Restraining Order to reinstate the Health and Safety Plan's August 13, 2021 update that required universal masking in the District. (ECF Nos. 1 & 2). This Court granted Plaintiffs' Temporary Restraining Order on narrow procedural due process grounds, as the Plaintiffs established a likelihood of success on the merits that the August 18, 2021 Board action to eliminate the universal masking requirement was taken without proper public notice and comment. (ECF No. 9). The result of this Court's Temporary Restraining Order was a return to the status quo as outlined in the August 13, 2021 update to the Health and Safety Plan requiring face masks for all students, staff, and visitors. (ECF No. 9, at 3).

The following background is from briefing regarding the Motion to Dismiss and was not included in the Complaint. At the September 22, 2021 regularly scheduled School Board meeting, the Meeting Agenda included consideration of motions to rescind the August 18, 2021 School Board masking decision and to require masks indoors while Allegheny County is in substantial or high community spread. (ECF No. 29, at ¶¶ 13-14). The School Board published notice of the meeting in the Pittsburgh Post-Gazette, posted flyers on the front door of the District's Central Office, and posted information about the meeting and agenda on the Board's website. (ECF No. 29, at ¶ 14). At the School Board Meeting, following four and one-half hours of comment from the public the Board voted to: (1) rescind the Board's mask-optional action from the August 18, 2021 meeting and (2) adopt a policy requiring masks to be worn indoors while Allegheny County is in substantial or high for community transmission/spread, regardless of the status of any Department of Health masking order. (ECF No. 29, at ¶ 17).

4

On December 2, 2021, District parents received an email advising that, at the District's December 8, 2021 School Board Meeting, the Board would consider and vote upon whether "to revise the North Allegheny School District's Health & Safety Plan to strongly recommend masks indoors effective January 18, 2022, only if the Department of Health order is lifted for students, staff, and visitors or the lifting of the stay entered by the PA Supreme Court on November 30, 2021, in the case of Corman et al. v. Allison Beam, Acting Secretary of Health, which had the effect of maintaining the mask mandate until further order of the court." (ECF No. 42, at 3-4). At the December 8, 2021 School Board Meeting, and after public comment, the Board voted 5-4 to strongly recommend masks in the District. (ECF No. 42, at 4).

## II.     Standard of Review

### a.   12(b)(1) Standard

A court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be presented by the movant as either a facial or factual challenge to the court's subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Id.* (citing *Mortensen*, 549 F.2d at 891). At "issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case." *Mortensen*, at 891. The plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Id.*

**b.  12(b)(6) Standard**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court clarified

that this plausibility standard should not be conflated with a higher probability standard.  *Iqbal*,

556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real

Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).  "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555.

A pleading party need not establish the elements of a *prima facie* case at this stage; the

party must only "put forth allegations that 'raise a reasonable expectation that discovery will

reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213

(3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa.

June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions

cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Furthermore, "in evaluating a motion to dismiss, courts are not limited to the complaint, but may also consider evidence integral to or explicitly relied upon therein." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (internal quotations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining*, 615 F.3d at 175). In a civil rights case, when the court grants a motion to dismiss for a failure to state a claim, the court must offer the plaintiff leave to amend, even if it was not requested by the plaintiff, "unless doing so would be inequitable or futile."

*Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### III.  Discussion

#### a.  Count I Section 1983 Claim – Violation of Procedural Due Process Under the Fifth and Fourteenth Amendments

##### 1.  Mootness Doctrine

Defendants argue that Plaintiffs' Complaint should be dismissed as moot due to the dissolution of this Court's Temporary Restraining Order and the September 22, 2021 Board action that reinstated the universal mask mandate.  (ECF No. 30, at 3).  Plaintiffs argue that their Complaint is not moot because the Board's actions are capable of repetition.  (ECF No. 35, at 11).

Third Circuit mootness analysis "traditionally begins with the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."  *Int'l Brotherhood of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987).  "If at any point a claim ceases to present a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it.  *Democracy Rising PA v. Celluci*, 603 F.Supp.2d 780, 793 (M.D. Pa. 2009).  "The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.  *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003).  "Under the capable of repetition exception, for example, a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot when (1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  *Rendell*, 484 F.3d at 241.

This Court's August 22, 2021 Temporary Restraining Order was based upon narrow procedural due process grounds.  The effect of the Temporary Restraining Order was to return the status quo of universal masking until such time as the Board took further action following public notice and comment.  On September 22, 2021, the School Board voted to rescind the August 18, 2021 Board action that lifted the mask mandate and to reinstate the universal mask requirement.  As such, further Board action was taken as of September 22, 2021 and this Court's August 22, 2021 Temporary Restraining Order was dissolved on October 26, 2021.

Here, based upon the rescission of the August 18, 2021 Board action, the procedural due process claim asserted in Plaintiffs' Complaint has been resolved.  Because there is no reasonable expectation that Plaintiffs will be subject to the same action under the same set of circumstances again, the capable of repetition yet evading review exception to the mootness doctrine does not apply.  As such, the Plaintiffs' Count I Procedural Due Process claim, concerning the August 18, 2021 Board action, is moot.  Said claim will be dismissed for this Court's lack of jurisdiction.

## 2.  Procedural Due Process Analysis

Even if the Plaintiffs' Procedural Due Process claims were not moot, Plaintiffs still would not survive Defendants' Motion to Dismiss on the merits of their Procedural Due Process claim. Defendants argue that the Plaintiffs have not established the deprivation of a property or liberty interest protected by the Fourteenth Amendment.  (ECF No. 30, at 6-10).  Plaintiffs argue that their rights to a public education were violated and that the Board acted without due process of law when it voted to lift the mask mandate on August 18, 2022.  (ECF No. 35, at 11).

The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law."  *Stelle v. Cicchi*, 855 F.3d 494, 501 (3d Cir. 2017).  "The

Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interests enjoying the stature of 'property' within the meaning of the Due Process Clause." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978).  "Although the underlying substantive interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Id.*  "In constitutional parlance, the claimant must have a legitimate claim of an entitlement" such that "a claimant must show an entitlement to a property interest created by a state statute or regulation or arising from government policy or a mutually explicit understanding." *Carter v. City of Phila.*, 989 F.2d 117, 120 (3d Cir. 1993). The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing before the government can deprive an individual of life, liberty, or a property interest. *Washing v. Lehigh Cty. Dist. Attorney's Off.*, 2021 WL 2108985, at *6 (E.D. Pa. May 25, 2021).  In order to establish a claim for a violation of procedural due process, a plaintiff "must establish both a deprivation of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property" and the absence of procedures that "provide due process of law." *In re Energy Future Holdings Corp.*, 949 F.3d 806, 822 (3d Cir. 2020).

First, the Court must determine whether Plaintiffs have properly pled that an interest protected by the Fourteenth Amendment was violated when the Board lifted the mask mandate on August 18, 2021.  Plaintiffs argue that they have a constitutionally protected property right to a public education, as established by *Goss v. Lopez*, 419 U.S. 565, 579 (1975).  While it is true that *Goss v. Lopez* established a constitutionally protected right to a public education, Plaintiffs have not demonstrated how the Board's August 18, 2021 action infringed upon their right to

receive a public education.  The Plaintiffs have not pled how the mask mandate interferes with

that property right.  The Plaintiffs make no allegations as to how the August 18, 2021 Board

action deprived them of their right to a public education.  Instead, Plaintiffs' procedural due

process claim rests on the claim that they have a constitutionally protected right to a public

education in a safe and healthy environment.  As Defendants note in their Brief, "[a] student's

entitlement to a public education is not without limits."  *Oberheim v. Bason*, 2021 WL 4478333,

at *5 (M.D. Pa. Sept. 30, 2021).  As Plaintiffs cite no cases showing that children have a

protected property interest under the Fourteenth Amendment for a public education in a safe and

healthy environment, Plaintiffs cannot demonstrate that the Board jeopardized any property

interest protected by the Fourteenth Amendment.  As the Plaintiffs do not demonstrate a liberty

or property interest that is protected by the Fourteenth Amendment within their Complaint, their

procedural due process claim against Defendants fails.  As such, even if Count I were not being

dismissed as moot, Defendants' Motion to Dismiss Plaintiffs' Count I Procedural Due Process

claim would be granted.  As amendment will be futile, Plaintiffs will not be granted leave to

amend with regards to their Count I Procedural Due Process claim.

### b.  Count II Section 1983 Claim – Violation of Substantive Due Process Under the Fourteenth Amendment

#### 1.  Mootness Doctrine

Defendants argue that Plaintiffs' Complaint should be dismissed as moot due to this

Court's Temporary Restraining Order and the September 22, 2021 Board action that reinstated

the universal mask mandate.  (ECF No. 30, at 3).  Plaintiffs argue that their Complaint is not

moot because the Board's actions are capable of repetition.  (ECF No. 35, at 11).

"Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the

courts would be compelled to leave the defendant free to return to his old ways."  *United States*

*v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968) (citations and internal quotations omitted).  A case will only become moot when "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* "Under the capable of repetition exception, for example, a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot when (1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Rendell*, 484 F.3d at 241.

Although the August 18, 2021 Board action lifting the mask mandate is no longer in effect, the Court's mootness analysis does not end here.  Based on the facts before it, the Court cannot say that there is no reasonable expectation that the alleged substantive due process issues will not recur.  In fact, on December 8, 2021, the Board voted to lift the mask mandate contingent upon whether the Pennsylvania Department of Health will lift its masking requirement or if the Pennsylvania Supreme Court will lift its stay.  As such, the voluntary cessation exception to the mootness doctrine applies.  Because the Board only reinstated the mask mandate after Plaintiffs filed the present lawsuit, such action qualifies under the voluntary cessation exception to the mootness doctrine.  In fact, after a new Board was elected on December 2, 2021, the Board again voted to lift the mask mandate.  Such action demonstrates that the substantive due process claim in the Plaintiffs' Complaint continues to present a live controversy.  As the voluntary actions taken by the Defendants do not render the substantive due process issue moot, the Court now turns to the merits of Plaintiffs' substantive due process claim.

## 2.   Substantive Due Process Analysis

Defendants argue that Plaintiffs have failed to identify a violation of a fundamental right and that the Board's August 18, 2021 decision to have an optional masking policy satisfies the rational basis test.  (ECF No. 30, at 15-20).  Plaintiffs concede that the right to an education is not a fundamental right.  However, Plaintiffs argue that "the right to an education in a safe and healthy environment" is a right entitled to constitutional protection.  Plaintiffs also argue that the Board's decision to rescind the mask mandate at the August 18, 2021 Board Meeting does not satisfy rational basis analysis and that it was an arbitrary decision that puts the health and safety of the students at risk.  (ECF No. 35, at 32-36).  Plaintiffs also concede that the Board's August 18, 2021 decision was a legislative enactment.  (ECF No. 35, at 31-32).

The Third Circuit Court of Appeals has noted that, absent a fundamental right, there are two substantive due process standards that apply to government action.  *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000).  The first standard applies when a plaintiff challenges the validity of a legislative act.  *Id.*  When a plaintiff challenges the validity of a legislative action, the rational basis test applies.  *Id.*  When a challenge involves a non-legislative state action, the second standard applies.  *Id.*  The second standard addresses whether "the government deliberately and arbitrarily abused its power."  *Id.*  As Plaintiffs have conceded that the Board's August 18, 2021 action was a legislative enactment, the Court will apply the rational basis test.  Thus, although Plaintiffs argue for aspects of the second, non-legislative action standard, the test for arbitrariness as used for non-legislative actions is not applicable to the present case.

Here Plaintiffs challenge a legislative enactment and do not claim that the enactment burdens a fundamental right, thus rational-basis review applies.  *Am. Express Travel Related Servs. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).  Under the rational-basis standard,

the government action will stand if the governmental entity can show: "(1) the existence of a legitimate state interest that (2) could be rationally furthered by the statute." *Id.* "[U]nder rational basis review, legislation enjoys a presumption of validity . . . ." *Brian B. ex rel. Lois B. v. Commonwealth of Pa. Dep't of Educ.*, 230 F.3d 582, 586 (3d Cir. 2000). Under this test, the plaintiff bears the burden of proving that there is no legitimate state interest for the challenged regulation. *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 461-62 (1988). In fact, the government does not need to actually articulate its rationale in passing the legislative enactment; rather, government action passes muster under the rational basis test "if there is any conceivable state of facts that could provide a rational basis." *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993). Furthermore, the Supreme Court has "emphasized that application of rational basis review is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Id.*

As the Board's action enjoys a presumption of validity under the rational basis test, it is the Plaintiffs' burden to prove an absence of rational basis. Plaintiffs plead nothing in their Complaint concerning how the Board's August 18, 2021 action fails to satisfy the rational basis test. The Defendants argue in their Brief that the Board heard hours of public comment at the August 18, 2021 Board Meeting before it voted to lift the universal mask mandate. The Defendants also asserted that while the Board considered the health and safety of the students in the District, it also considered the "negative effects that masks were having on their children and their learning." (ECF No. 30, at 20). Additionally, the Board also considered "the disruption and impacts that the enforcement of a mandatory mask policy would have on its students." (ECF No. 30, at 20). The Plaintiffs have not presented any facts in their Complaint or Briefing to suggest that the Board had no legitimate state interest for lifting the mask mandate. As Plaintiffs

have not met their burden to plead an absence of any legitimate state interest, Plaintiffs' Count II

Substantive Due Process claim fails.  Defendants' Motion to Dismiss Plaintiffs' Count II

Substantive Due Process claim will be granted.  Plaintiffs will be granted leave to amend with

regard to their Count II Substantive Due Process claim.

### c.   Count II Section 1983 State Created Danger Claim

#### 1.   Mootness Doctrine

As discussed above in the substantive due process section, this Court's dissolution of the

Temporary Restraining Order does not render Plaintiffs' state created danger claim moot.

Although the August 18, 2021 decision to lift the mask mandate is no longer in effect in the

District, Plaintiffs' state created danger claim still presents a live case or controversy under the

voluntary cessation exception to the mootness doctrine.  As the voluntary actions taken by the

Defendants do not render the case moot, the Court now turns to the merits of Plaintiffs' state

created danger claim.

#### 2.   State Created Danger Analysis

Plaintiffs also bring their section 1983 substantive due process claim under the "state

created danger theory."  (ECF No. 35, at 36).  Defendants argue that they do not owe Plaintiffs a

duty to protect the students from the harms alleged in their Complaint.  (ECF No. 30, at 20).

Plaintiffs argue that Defendants have a duty and obligation to protect the students in the District

from the harms that can result from COVID-19.  (ECF No. 35, at 36-42).

The Due Process Clause "is a limitation on the state's power to act, but it does not

'impose an affirmative obligation on the State to ensure that those life, liberty, and property

interests do not come to harm through other means.'"  *Luu v. Easterly*, 367 F. Supp. 3d 335, 342

(E.D. Pa. 2019) (quoting *Deshany v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195

(1989)).  The Third Circuit's four-part test outlines the requirements of a plaintiff's state-created

danger claim: "(1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct;

(2) the state-actor acted with willful disregard for the plaintiff's safety; (3) there was some

relationship between the state and the plaintiff; and (4) the state-actor used his authority to create

an opportunity for danger that otherwise would not have existed."  *Phillips*, 515 F.3d at 235.

Defendants and Plaintiffs both agree that the requisite relationship between the Board and

the Plaintiffs existed to satisfy the third prong of the Third Circuit's state-created danger test.

However, Defendants and Plaintiffs disagree on the results of the other three prongs of the state-

created danger test.

Under the first prong of the Third Circuit's state created danger test, the Plaintiffs must

bring forth facts within their Complaint to show that the harm ultimately caused to the plaintiff

was foreseeable and fairly direct.  To adequately plead foreseeability under this standard, a

plaintiff must "allege an awareness on the part of the state actors that rises to the level of actual

knowledge or awareness of risk that is sufficiently concrete to put the actors on notice of the

harm."  *Id.* at 237.  Additionally, the risk of irreparable harm alleged by the plaintiff must not be

speculative.  *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000).  Plaintiffs'

Complaint alleges that as a result of the Board's decision to lift the universal mask requirement,

"Plaintiffs were harmed and continue to be harmed by these unlawful acts, including by suffering

irreparable harm including exposure to present and existential threats to health and safety, threat

of retribution and bullying, increased risk of serious bodily injury and/or death."  (ECF No. 1, at

₱ 130).  The harm alleged as foreseeable by the Plaintiffs, as being a direct consequence of the

Board's action to lift the school mask mandate is not expressly or sufficiently pled.

Additionally, the Complaint contains no allegations of any harm that actually occurred.  Further,

the general harms alleged by Plaintiffs' Complaint suggest indirect consequences of the Board's decision to lift the universal mask mandate rather than direct consequences of the Board's action. As such, Plaintiffs' Complaint does not satisfy the first element of the state-created danger test to support Plaintiffs' claim for a substantive due process violation.

Under the second element of the state created danger test, Plaintiffs must demonstrate that the state actor acted with a degree of culpability that shocks the conscience and sufficiently allege that the defendants acted in willful disregard for or  with deliberate indifference to their safety. *Morrow v. Balaski*, 719 S.3d 160, 176 (3d Cir. 2013).  Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Cmm'rs v. Brown*, 520 U.S. 397, 410 (1997).  The Plaintiffs cannot demonstrate that the Board acted with willful disregard for their safety when it decided to lift the universal mask mandate.  As argued within the Defendants' Brief, the Board took hours of comments at the August 18, 2021 Board Meeting concerning the pending vote to lift the mask mandate.  The issues are clearly controversial and debate robust.  That the Board did not decide in the way Plaintiffs desired does not demonstrate a willful disregard for Plaintiffs' safety.  The Board's decision involved consideration of both sides of the debate.  As such, Plaintiffs' Complaint does not satisfy the second prong of the state-created danger test.

As disposition of the state created danger analysis rests on the failure of the first two prongs of the Third Circuit's four-part test, there is no need to discuss the fourth prong of the analysis.  As Plaintiffs' Complaint does not sufficiently satisfy either the first or the second prong of the state-created danger test, Defendants' Motion to Dismiss Plaintiffs' Count II State Created Danger claim will be granted.  Plaintiffs will be granted leave to amend their Count II State Created Danger claim.

### d.  Count III Section 1983 Claim – Violation of the Right to Free Association Under the First Amendment

#### 1.  Mootness Doctrine

For the same reasons discussed in the substantive due process and state created danger sections, Plaintiffs' § 1983 claim for violations of their right to freely associate under the First Amendment are not rendered moot.  As such, the Court will consider the merits of Plaintiffs' free association claim.

#### 2.  Freedom of Association Analysis

Plaintiffs' Complaint alleges that "Defendants deprived Plaintiffs of the right of free association guaranteed by the First Amendment of the United States Constitution.  Plaintiffs can no long associate safety, or potentially at all, because of Defendant's recission of the mask policy, yet they are required under compulsory education laws to attend school."  (ECF No. 1, at ⁋ 139).  Defendants argue that Plaintiffs have failed to identify a protected interest under the First Amendment that is being violated by the School District.  (ECF No. 30, at 26-28).  In their Response, Plaintiffs argue that if children attending school in the District should get sick from COVID-19, such will harm their freedom of intimate association, as those children will then be required to quarantine from their families.  (ECF No. 35, at 42).

As regards the right of association under the First Amendment, "[t]wo sometimes overlapping types of association have been recognized: associations founded on intimate human relationships in which freedom of association is protected as a fundamental element of liberty, and associations formed for the purpose of engaging in activities protected by the first amendment, such as the exercise of speech, assembly, and religion."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1204 (3d Cir. 1988).  Associations founded upon intimate human relationships, or family relationships, fall within the ambit of intimate human relationships that are protected by

18

the Free Association Clause of the First Amendment.  *Id.*  Nevertheless, such protections against

government interference with intimate family relationship are not absolute.  *Lyng v. Int'l Union,*

*United Auto., Aerospace & Agr. Implement Workers of Am., UAW*, 485 U.S. 360, 364-66 (1988).

In order to satisfy a claim for infringing upon a plaintiff's right to intimate human relationship,

the plaintiff must show that the government's action directly and substantially interfered with the

plaintiff's right to intimate family relationships.  *Id.* at 365-66.

　　　　As regard other associations for the purpose of engaging in activities protected by the

First Amendment, such rights are likewise not guaranteed.  *Id.*  The First Amendment protects

the "right of the people to peaceably assemble," *id.*; however, such rights are not absolute, *Elrod*

*v. Burns*, 427 U.S. 347, 360 (1976).  The interference with such associational rights by the

government must "directly and substantially interfere" with the Plaintiffs' ability to freely

associate.  *Lyng*, 485 U.S. at 366.

　　　　In their Complaint, Plaintiffs appear to base their Freedom of Association claim on the

first type of association protected by the Constitution, which is the right of the people to

peaceably assemble.  Plaintiffs' claim, that the Board's August 18, 2021 action interfered with

such right because it impacts their right to freely associate in the compulsory educational setting,

is too attenuated to survive Defendants' present Motion to Dismiss.  As discussed above, any

harms that may occur to Plaintiffs as a result of the August 18, 2021 Board action are indirect

harms.  The Board did not take any affirmative steps to directly interfere with Plaintiffs' right to

freely associate.  Instead, the only affirmative step that Defendants took was to vote to lift the

mask mandate.  Such action cannot satisfy the Supreme Court's requirement that any

government interference with Plaintiffs' right to free association be direct and substantial.

Plaintiffs cite no cases suggesting that attending school where other children may not be wearing

19

masks interferes with a child's right to freely assemble.  As Plaintiffs' Complaint contains no allegations of how Defendants directly and substantially harmed their rights to free association, Plaintiffs' claim that the Board violated their right to free association fails.

In their Response, Plaintiffs also argue that should a student get sick from COVID-19 as a result of the Board's action to lift the universal mask mandate, that child will be forced to briefly quarantine from his or her family for the duration of the illness.  Such argument seems to attempt to interject a claim for violation of Plaintiffs' associational rights to intimate human relationships.  As discussed above, Plaintiffs' Complaint contains no allegation of how the Board's action to lift the universal mask mandate directly or substantially interferes with Plaintiffs' right to intimate human relationships.  Any such claimed interference is too attenuated and indirect.  Plaintiffs cite no cases suggesting that being forced to quarantine as a result of COVID-19 interferes with a child's right to freely associate with his or her family.  Thus, Plaintiffs' claim that the Board's decision to lift the universal mask mandate violates their rights to freely associate with family members also fails.

As such, Defendants' Motion to Dismiss Plaintiffs' Count III Freedom of Association claim will be granted.  As amendment would be futile, Plaintiffs will not be granted leave to amend with regard to their Count III Freedom of Association claim.

### e.  Motion to Dismiss Board Members in Their Official and Individual Capacities

Defendants argue in their Motion to Dismiss that Plaintiffs' claims against the individual Board Members should be dismissed in both their official and individual capacities.  (ECF No. 29, at 27-30).  Plaintiffs concede within their Response that the claims brought against the individual Board Members in their official capacities should be dismissed because they are

duplicative of the claims brought against the District.  (ECF No. 35, at 43).  As such, the claims brought against the Board Members in their official capacities will be dismissed.

With regard to Plaintiffs' claims against the individual Board Members in their individual capacities, Defendants argue that individual Board Members are entitled to legislative immunity. (ECF No. 29, at 29-30).  Plaintiffs argue that legislative immunity does not apply because the individual Defendants had fair warning that they were violating a federally protected constitutional right when they voted to lift the mask mandate.  (ECF No. 35, at 43-44).

"Local legislators are entitled to absolute immunity from § 1983 liability for their legislative actions."  *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998).  Other district courts in the Third Circuit have held that this legislative immunity extends to school boards.  *See, e.g.*, *Pribula v. Wyoming Area Sch. Dist.*, 599 F. Supp. 2d 264, 579-80 (M.D. Pa. 2009); *Schlegel v. Koteski*, 2007 WL 2823476, at *3 (W.D. Pa. Sept. 26, 2007).  An exception to qualified immunity can exist if the plaintiff can prove that a government official violated a clearly established statutory or constitutional right.  *Reichle v. Howards*, 566 U.S. 658, 664 (2012).  In order to invoke such an exception to qualified immunity, the court must determine "whether the state of the law at the time of an incident provided fair warning to the defendants that their alleged conduct was unconstitutional."  *Tolan v. Cotton*, 572 U.S. 65, 656 (2014) (per curiam).

When the individual Defendants voted to lift the mask mandate, they were acting as local legislators to the District.  The Board is considered a local legislative body for purposes of qualified immunity.  As such, the individual Defendants are entitled to absolute legislative immunity unless Plaintiffs can prove that the individual Defendants violated a clearly established statutory or constitutional right.  This, the Plaintiffs cannot do.  The Plaintiffs' Complaint contains no allegations that the individual Defendants had fair warning that their decision to lift

the universal mask mandate was clearly unconstitutional. The issues in this debate are complex and there is no caselaw to support Plaintiffs' contention that the Board's decision to lift the mask mandate was clearly unconstitutional.  As such, Plaintiffs' claims against the individual Board Members are dismissed on grounds of qualified immunity.  As amendment would be futile, Plaintiffs will not be granted leave to amend with regard to their claims for civil liability against the individual Defendants.

### IV.    Conclusion

For the reasons stated above, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint will be granted.  The individual Defendants will be dismissed in their official and individual capacities.  Plaintiffs may file an Amended Complaint with regard to their Count II Substantive Due Process claim and Count II State Created Danger claim by January 26, 2022.  If Plaintiffs file an Amended Complaint, the Defendants shall file their responsive pleading within 14 days of Plaintiffs' filing of an Amended Complaint, or by February 9, 2022, whichever occurs first.  An appropriate Order will be entered.


DATE: January 12, 2022

Marilyn J. Horan
United States District Judge