IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.P., *a minor, by and through their parent,* L.P., C.L., *a minor, by and through their parent,* K.L, O.D., *a minor by and through their parent,* N.D., R.J., *a minor, by and through their parent,* H.J., L.H., *a minor by and through their parent,* S.H., O.P, *a minor, by and through their parent,* S.P., E.H., *a minor, by and through their parent,* M.H., L.S., *a minor by and through their parent,* B.P., G.E., *a minor, by and through their parent,* A.E., M.B., *a minor, by and through their parent,* R.B., G.A., *a minor, by and through their parent,* A.A., *each a minor resident of the North Allegheny School District attending a North Allegheny School District or a parent of the same*,<br><br>     Plaintiffs,<br><br>     v.<br><br>NORTH ALLEGHENY SCHOOL DISTRICT, *a Pennsylvania governmental entity*, ANDREW CHOMOS, MARCIE CROW, ELIZABETH BLACKBURN, RICHARD MCCLURE, SCOTT E. RUSSELL, ALLYSON MINTON, KEVIN MAHLER, ELIZABETH WERNER, and SHANNON YEAKEL, *all individual elected officials sued in their individual capacity and in their capacity as members of the* NORTH ALLEGHENY SCHOOL DISTRICT BOARD OF DIRECTORS, *a Pennsylvania elected legislative body*,<br><br>     Defendants. | 2:21-cv-1112<br><br>Judge Marilyn J. Horan |

## MEMORANDUM OPINION

Presently before the Court is a Motion to Dismiss the above action involving issues related to school masking in the North Allegheny School District, Allegheny County, Pennsylvania. (ECF No. 47). Plaintiffs, parents of minor children who attend schools in the

1

District, bring a two-count Amended Complaint requesting injunctive relief for violations of the Substantive Due Process Clause pursuant to the Fifth and Fourteenth Amendments. (ECF No. 46).

Plaintiffs' first Complaint sought injunctive relief for violations of the Procedural and Substantive Due Process Clauses and violations of their First Amendment right to free association. (ECF No. 1). Along with their original Complaint, Plaintiffs also filed a Motion for a Temporary Restraining Order, (ECF No.2), which this Court granted on narrow procedural due process grounds, following Oral Argument. (ECF No. 9).

Defendants filed a Motion to Dismiss the Plaintiffs' original Complaint, which the Court granted in full. (ECF No. 44). The Court granted Plaintiffs leave to amend their original Complaint with regard to their Substantive Due Process and State Created Danger claims. (ECF No. 44). Plaintiffs subsequently filed an Amended Complaint, (ECF No. 46), and Defendants filed a Motion to Dismiss the Amended Complaint and an accompanying brief in support, (ECF Nos. 47 & 48). Plaintiffs filed a Brief in Opposition to Defendant's Motion to Dismiss, (ECF No. 51), and Defendants filed a Reply Brief, (ECF No. 52). For the reasons stated herein, Defendants' Motion to Dismiss will be granted.

I. Facts[1]

On June 17, 2021 the school superintendent, Dr. Melissa Friez, sent a district-wide email to parents concerning the District's Health and Safety and Education Plans for the 2021-2022 School Year (Health and Safety Plan). (ECF No. 46, at ¶ 63). The Mask Policy within the June 17, 2021 Health and Safety Plan stated: "Students and staff were required to wear face coverings

---

[1] The facts of this case are provided in greater detail in the Court's previous Opinion in this matter. Because the Court writes primarily for the parties, the Court provides only a condensed statement of facts here.

2

in accordance with the order of the Pennsylvania Department of Health requirements. As of June 28, 2021, or when 70 percent of adults get their second dose, whichever comes first, the Commonwealth's mask order can be lifted. At this time, the District will not require face coverings after June 28, unless directed to do so by local, Commonwealth, and/or federal guidelines." (ECF No. 1-4, at 13; *see also* ECF No. 46, at ¶ 66). At the June 23, 2021 School Board Meeting, the Board voted to approve the June 16, 2021 Health and Safety Plan. (ECF No. 46, ¶ 68).

On August 13, 2021, Dr. Friez sent an email to District parents that said, "In order to honor the commitment to five days of in-person instruction and the need for our students to return to school to a safe environment with as few interruptions as possible, NASD will require face coverings indoors for students, staff, and visitors for grades K-12 beginning Monday, August 16." (ECF No. 46, at ¶ 85). The District had a School Board Meeting scheduled for August 18, 2021. (ECF No. 46, at 98). Although the meeting's agenda was posted on the School Board's website, there was no line item on the agenda to advise that the Board would vote on Dr. Friez's August 13, 2021 update to the Health and Safety Plan. (ECF No. 46, at ¶ 94).

At the August 18, 2021 School Board Meeting, Dr. Friez presented the update to the Health and Safety Plan. (ECF No. 46, at ¶ 100). After Dr. Friez's presentation, Board Member Blackburn moved to eliminate the universal masking requirement within the August 13, 2021 Health and Safety Plan. (ECF No. 46, at ¶ 105). After hearing comment from persons attending the meeting, the Board voted, by a vote of 6-3, to change the August 13, 2021 update to the Health and Safety Plan, which thereby made masks optional in the District. (ECF No. 46, at ¶¶ 113-18).

On August 22, 2021, Plaintiffs filed suit in this Court seeking a Temporary Restraining Order to reinstate the Health and Safety Plan's August 13, 2021 update that required universal masking in the District. (ECF No. 46, at ⁋ 122). This Court granted Plaintiffs' Temporary Restraining Order on narrow procedural due process grounds, as the Plaintiffs established a likelihood of success on the merits that the August 18, 2021 Board action to eliminate the universal masking requirement was taken without proper public notice and comment. (ECF No. 9; *see also* ECF No. 46, at ⁋ 123). The result of this Court's Temporary Restraining Order was a return to the status quo as outlined in the August 13, 2021 update to the Health and Safety Plan requiring face masks for all students, staff, and visitors. (ECF No. 9, at 3).

At the September 22, 2021 regularly scheduled School Board Meeting, the Meeting Agenda included consideration of motions to rescind the August 18, 2021 School Board masking decision and to require masks indoors while Allegheny County is in substantial or high community spread. (ECF No. 46, at ⁋ 124). At the School Board Meeting, following four and one-half hours of comment from the public, the Board voted to: (1) rescind the Board's mask-optional action from the August 18, 2021 meeting and (2) adopt a policy requiring masks to be worn indoors while Allegheny County is in substantial or high for community transmission/spread, regardless of the status of any Department of Health masking order. (ECF No. 29, at ⁋ 17; *see also* ECF No. 46, at ⁋ 124).

On December 2, 2021, District parents received an email advising that, at the District's December 8, 2021 School Board Meeting, the Board would consider and vote upon whether to revise the Health & Safety Plan to strongly recommend masks in the District effective January 18, 2022. (ECF No. 46, at ⁋ 133). At the December 8, 2021 School Board Meeting, and after

public comment, the Board voted 5-4 to strongly recommend masks in the District. (ECF No. 46, at ¶ 133).

On January 10, 2022, other students from the District filed a Complaint and Motion for a Temporary Restraining Order in this Court in the related case of *John Doe 1 v. North Allegheny School District* at Docket Number 2:22-cv-55. Plaintiffs in that case brought suit under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. *John Doe 1 v. N. Allegheny Sch. Dist.*, No. 2:22-cv-55, 2022 WL 170035, at *1 (W.D. Pa. Jan 17, 2022). Following Oral Argument, this Court granted Plaintiffs' Motion for a Temporary Restraining Order, which had the effect of reinstating the universal masking requirements per the September 22, 2021 Board Meeting. *Id.* at *8. Defendants appealed the decision to the Third Circuit Court of Appeals on January 25, 2022.

In the meantime, the CDC issued new guidelines for the measurement of COVID-19 risk. (ECF No. 51, at 25). The result of these revised guidelines was to move Allegheny County from a category of "high" risk to a category of "low" risk. (ECF No. 51, at 25). As a result, on March 2, 2022, the Third Circuit vacated this Court's Temporary Restraining Order in the case of *John Doe 1 v. North Allegheny School District* and directed that the matter should be remanded to the District Court "with instruction to dismiss without prejudice the complaints as moot." This Court promptly dismissed the case of *John Doe 1 v. North Allegheny School District* as moot on March 2, 2022.

**II.      Standard of Review**

    **A. 12(b)(1) Standard**

A court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be presented by the movant as

either a facial or factual challenge to the court's subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Id.* (citing *Mortensen*, 549 F.2d at 891). At "issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case." *Mortensen*, at 891. The plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Id.*

### B. 12(b)(6) Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Furthermore, "in evaluating a motion to dismiss, courts are not limited to the complaint, but may also consider evidence integral to or explicitly relied upon therein." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (internal quotations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v.*

*Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining*, 615 F.3d at 175). In a civil rights case, when the court grants a motion to dismiss for a failure to state a claim, the court must offer the plaintiff leave to amend, even if it was not requested by the plaintiff, "unless doing so would be inequitable or futile." *Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### III. Discussion

#### A. Substantive Due Process Claim

##### 1. Mootness Doctrine

Defendants argue that the recent changes to the CDC Guidelines renders Plaintiffs' Substantive Due Process claims moot. (ECF No. 52, at 13-14). Plaintiffs argue that their Substantive Due Process claim still presents a live controversy because the Board's actions are capable of repetition. (ECF No. 51, at 26-27).

Third Circuit mootness analysis "traditionally begins with the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Int'l Brotherhood of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987). "If at any point a claim ceases to present a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it." *Democracy Rising PA v. Celluci*, 603 F.Supp.2d 780, 793 (M.D. Pa. 2009). "The central question of all mootness problems is whether changes in

circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003). However, a case will only become moot when "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968). "Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways." *Id.* (citations and internal quotations omitted). "Under the capable of repetition exception, for example, a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot when (1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Rendell*, 484 F.3d at 241.

In early March, the CDC revised its masking guidelines, which has subsequently made masking optional within the District per the current transmission rates in Allegheny County. Because there is no reasonable expectation that Plaintiffs will be subject to the same action under the same set of circumstances again, the capable of repetition yet evading review exception to the mootness doctrine does not apply. As such, the Plaintiffs' Substantive Due Process claim is moot. Said claim will be dismissed for this Court's lack of jurisdiction.

### 2. Substantive Due Process Analysis

Even if the CDC had not recently amended its masking guidelines, Plaintiffs' Amended Complaint still does not present sufficient allegations in support of their Substantive Due Process claim. Defendants argue that Plaintiffs have failed to identify a violation of a fundamental right and that the Board's August 18, 2021 decision to have an optional masking policy satisfies the

rational basis test. (ECF No. 48, at 7, 10). Plaintiffs concede that the right to an education is not a fundamental right. (ECF No. 51, at 7). However, Plaintiffs argue that the right to a "thorough and efficient" public education is entitled to constitutional protection and that the Court should apply a strict scrutiny analysis. (ECF No. 51, at 8, 17). Plaintiffs also concede that the Board's August 18, 2021 decision was a legislative enactment. (ECF No. 51, at 7).

The Third Circuit Court of Appeals has noted that, absent a fundamental right, there are two substantive due process standards that apply to government action. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). The first standard applies when a plaintiff challenges the validity of a legislative act. *Id.* When a plaintiff challenges the validity of a legislative action, the rational basis test applies. *Id.* When a challenge involves a non-legislative state action, the second standard applies. *Id.* The second standard addresses whether "the government deliberately and arbitrarily abused its power." *Id.* As Plaintiffs have conceded that the Board's August 18, 2021 action was a legislative enactment, the Court will apply the rational basis test. Thus, although Plaintiffs argue that the Court should apply the second, non-legislative action standard, the test for arbitrariness as used for non-legislative actions is not applicable to the present case.

Here Plaintiffs challenge a legislative enactment and do not claim that the enactment burdens a fundamental right, thus rational-basis review applies. *Am. Express Travel Related Servs. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). Under the rational-basis standard, the government action will stand if the governmental entity can show: "(1) the existence of a legitimate state interest that (2) could be rationally furthered by the statute." *Id.* "[U]nder rational basis review, legislation enjoys a presumption of validity . . . ." *Brian B. ex rel. Lois B. v. Commonwealth of Pa. Dep't of Educ.*, 230 F.3d 582, 586 (3d Cir. 2000). Under this test, the

plaintiff bears the burden of proving that there is no legitimate state interest for the challenged regulation. *Kadramas v. Dickinson Pub. Sch.*, 487 U.S. 450, 461-62 (1988). In fact, the government does not need to actually articulate its rationale in passing the legislative enactment; rather, government action passes muster under the rational basis test "if there is any conceivable state of facts that could provide a rational basis." *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993). Furthermore, the Supreme Court has "emphasized that application of rational basis review is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Id.*

As the Board's action enjoys a presumption of validity under the rational basis test, it is the Plaintiffs' burden to prove an absence of rational basis. Plaintiffs plead nothing in their Amended Complaint concerning how the Board's August 18, 2021 and December 8, 2021 actions fail to satisfy the rational basis test. Defendants argue in their Brief that it considered both the "negative effects that masks were having on District students and their learning" and "concerns regarding the disruption and impacts that the enforcement of a mandatory mask policy would have on its students" when it decided to make masks optional in the District. (ECF No. 48, at 12). The Plaintiffs have not presented any facts in their Amended Complaint or Brief to suggest that the Board had no legitimate state interest for lifting the mask mandate. As Plaintiffs have not satisfied their burden to plead an absence of a legitimate state interest, Plaintiffs' Substantive Due Process claim fails. Defendants' Motion to Dismiss Plaintiffs' Substantive Due Process claim will be granted.

### B. State Created Danger Claim

#### 1. Mootness Doctrine

As discussed above, the recent updates to the CDC masking guidelines renders Plaintiffs' State Created Danger claim moot. Because there is no reasonable expectation that Plaintiffs will be subject to the same action under the same set of circumstances again, the capable of repetition yet evading review exception to the mootness doctrine does not apply. As such, the Plaintiffs' State Created Danger claim is moot. Said claim will be dismissed for this Court's lack of jurisdiction.

#### 2. State Created Danger Analysis

Even if the CDC had not recently amended its masking guidelines, Plaintiffs' State Created Danger claim would still be dismissed on its merits. Defendants argue that they do not owe Plaintiffs a duty to protect the students from the harms alleged in the Amended Complaint. (ECF No. 48, at 14). Plaintiffs argue that Defendants have a duty and obligation to protect the students in the District from the harms that can result from COVID-19. (ECF No. 51, at 23).

The Due Process Clause "is a limitation on the state's power to act, but it does not 'impose an affirmative obligation on the State to ensure that those life, liberty, and property interests do not come to harm through other means.'" *Luu v. Easterly*, 367 F. Supp. 3d 335, 342 (E.D. Pa. 2019) (quoting *Deshany v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). The Third Circuit's four-part test outlines the requirements of a plaintiff's state created danger claim: "(1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct; (2) the state-actor acted with willful disregard for the plaintiff's safety; (3) there was some relationship between the state and the plaintiff; and (4) the state-actor used his authority to create an opportunity for danger that otherwise would not have existed." *Phillips*, 515 F.3d at 235.

Defendants and Plaintiffs both agree that the requisite relationship between the Board and the Plaintiffs existed to satisfy the third prong of the Third Circuit's state created danger test. However, Defendants and Plaintiffs disagree on the results of the other three prongs of the state created danger test.

Under the first prong of the Third Circuit's state created danger test, the Plaintiffs must bring forth facts within their Amended Complaint to show that the harm ultimately caused to the plaintiff was foreseeable and fairly direct. To adequately plead foreseeability under this standard, a plaintiff must "allege an awareness on the part of the state actors that rises to the level of actual knowledge or awareness of risk that is sufficiently concrete to put the actors on notice of the harm." *Id.* at 237. Additionally, the risk of irreparable harm alleged by the plaintiff must not be speculative. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000). Plaintiffs' Amended Complaint alleges that as a result of the Board's decision to lift the universal mask requirement, Defendants "exacerbated the dangers and dangerous situations to which Plaintiff Children were exposed, including specifically the dangers of being infected with the COVID-19 virus, therefore making Plaintiff children more vulnerable to contracting COVID-19." (ECF No. 46, at ¶ 183). The harm alleged as foreseeable by the Plaintiffs, as being a direct consequence of the Board's action to lift the school mask mandate, is not expressly or sufficiently pled. Additionally, the Amended Complaint contains no allegations of any harm that actually occurred. Further, the general harms alleged by Plaintiffs' Amended Complaint suggest indirect consequences of the Board's decision to lift the universal mask mandate rather than direct consequences of the Board's action. As such, Plaintiffs' Amended Complaint does not satisfy the first element of the state created danger test.

Under the second element of the state created danger test, Plaintiffs must demonstrate that the state actor acted with a degree of culpability that shocks the conscience and sufficiently allege that the defendants acted in willful disregard for or with deliberate indifference to their safety. *Morrow v. Balaski*, 719 S.3d 160, 176 (3d Cir. 2013). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Cmm'rs v. Brown*, 520 U.S. 397, 410 (1997). The Plaintiffs cannot demonstrate that the Board acted with willful disregard for their safety when it decided to lift the universal mask mandate. Although Plaintiffs allege in their Amended Complaint that the Board "willfully failed to enforce known safety measures," (ECF No. 46, at ¶ 184), the Board's decision to create their own standard, rather than following the current standards from the CDC and Allegheny County Department of Health, does not present a degree of culpability that shocks the conscience or demonstrates a willful disregard or deliberate indifference to the students' safety under the state created danger analysis. As such, Plaintiffs' Complaint does not satisfy the second prong of the state created danger test.

As disposition of the state created danger analysis rests on the failure of the first two prongs of the Third Circuit's four-part test, there is no need to discuss the fourth prong of the analysis. As Plaintiffs' Complaint does not sufficiently satisfy either the first or the second prong of the state created danger test, Defendants' Motion to Dismiss Plaintiffs' State Created Danger claim will be granted.

### C. Motion to Dismiss Board Members in Their Official and Individual Capacities

Defendants argue in their Brief that Plaintiffs' claims against the individual Board Members should be stricken from the Amended Complaint as the Court had already dismissed those Defendants with prejudice. (ECF No. 48, at 23-25). Plaintiffs respond that the claims

against the individual Defendants were not dismissed with prejudice. (ECF No. 51, at 25). This Court's January 12, 2022 Opinion reads: "As amendment would be futile, Plaintiffs will not be granted leave to amend with regard to their claims for civil liability against the individual Defendants." (ECF No. 44, at 22). Additionally, there is nothing in the Amended Complaint to indicate that immunity is not applicable as to the individual Defendants. As the claims against the individual Defendants were dismissed without leave to amend in this Court's January 12, 2022 Opinion and Order, any claims in the Amended Complaint against the individual Defendants shall be stricken from the Amended Complaint and dismissed with prejudice.

## IV.    Conclusion

For the reasons stated above, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint will be granted. This court lacks jurisdiction over said claims, and they are dismissed as moot. Despite having been granted leave to amend once, Plaintiffs' Amended Complaint added only conclusory allegations to their original Complaint, and such are insufficient to state a claim for violations of the Substantive Due Process Clause or violations of the state created danger doctrine. In addition, although Plaintiffs ask for leave to amend, they make no showing that they can allege additional facts should the Court grant Plaintiffs leave to amend. The Court accordingly concludes that amendment would be futile. The Court will therefore dismiss Plaintiffs' Amended Complaint without leave to amend. An appropriate Order will be entered.

DATE: 3/24/2022

Marilyn J. Horan
United States District Judge